# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERARD KARLEN AND CARLA KARLEN, | : | COMPLAINT |
| Plaintiffs, | : | |
| v. | : | |
| WELLS FARGO BANK, N.A., WELLS FARGO ASSET SECURITIES CORPORATION, HSBC BANK USA, N.A., HSBC BANK, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-2, SEAN HIGGINS, ESQ. AND K & L GATES, | : : : : : | |
| Defendants. | : : | |

Plaintiffs Gerard Karlen and Carla Karlen (Plaintiff) allege, as and for their Complaint, as follows:

1. Plaintiffs maintain their residence at 10 Pheasant Lane, Westport, CT 06880 (the property).

2. Plaintiffs own the property.

3. Defendant Wells Fargo Bank, N.A. (Wells) is a national bank and maintains headquarters at 420 Montgomery Street, San Francisco, CA 94104.

4. Defendant HSBC Bank USA, N.A. (HSBC) is a national bank and maintains headquarters at 66 Hudson Boulevard, New York, NY.

1

5. Defendant Wells Fargo Asset Securities Corporation (Asset) is a wholly owned subsidiary of Wells and maintains offices at 8480 Stagecoach Circle, Frederick, MD 21701.

6. Defendant K & L Gates, LLP (Gates) is a law firm with offices throughout the United States, including 1 Congress Street, Suite 2900, Boston, MA 02114.

7. Defendant Sean Higgins, Esq. (Higgins) is a partner of Gates and works out of Gates's Boston office.

8. Defendant HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass through Certificates, Series 2007-2 (the Fictitious Entity) is or was operated by Wells, HSBC or Asset and, upon information and belief, conducts business at the offices of Asset.

9. Neither HSBC, Asset, Gates, Higgins nor the Fictitious Entity maintains offices in Connecticut.

10. Diversity jurisdiction is based upon the residences and office locations of the parties and an amount in controversy that exceeds $75,000.

## BACKGROUND

11. Wells has filed and sponsored hundreds of mortgage backed securitized trusts and other asset back securitized trusts with the SEC.

12. HSBC has served as Trustee of hundreds of mortgage backed securitized trusts and other asset backed securitized trusts filed with the SEC.

13. In many of these filngs, Asset acts as a participating entity.

14. The Fictitious Entity commenced an action against Plaintiffs in the Connecticut Superior Court entitled HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset

Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-2 v. Gerard Karlen and Carla Karlen. (The Connecticut Action) (FST-CV14-6022978)

15. Wells substituted as Plaintiff in that action as of July, 2020.

16. Gates and Higgins have represented Wells since its substitution.

17. Pursuant to Court Order, Plaintiff Gerard Karlen (GK) served a notice to take deposition upon Wells and the Fictitious Entity and requested production of documents relating to the creation of Fictitious Entity and to ownership and sale of the note.

18. On January 8, 2021, Higgins responded by stating that the information sought was publicly available information and that Wells and the Fictitious Entity were not required to provide responsive documents.

19. In that response, Higgins provided Plaintiffs with a web link to a site maintained by the United States Securities and Exchange Commission (SEC) for Wells Fargo Mortgage Backed Securities Series 2007-2 Trust (the Trust) as the source of that information.

20. On February 9, 2021, Wells provided testimony at deposition, on its own behalf and as agent for the Fictitious Entity.

21. Wells's employee, Jessica Reif-Jones, a loan verification consultant chosen to testify, swore under oath before court reporter Toni Tompson, that the Fictitious Entity was a securitized trust and had owned the note since February, 2007.

22. Present at that deposition were Higgins and Gates, on behalf of all the Defendants.

23. This testimony proved false.

3

24. Based upon these false sworn statements, the Superior Court denied Plaintiffs' motion to dismiss the Connecticut Action and issued first Summary Judgment, then Judgment of Foreclosure.

25. 17 CFR Part 229.1100-1125 sets forth the SEC requirements for registration for Asset Backed Securities.

26. Under these regulations, all Mortgage Backed Securities must be registered with the SEC.

27. In 2024, Plaintiffs obtained Freedom of Information Act statements from the SEC that no record existed of the Fictitious Entity or Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-2.

28. The FOIA statements prove that the Fictitious Entity is not a securitized trust, and that it does not exist.

## FIRST CAUSE OF ACTION

29. Under Connecticut law, an action brought by a non-existent entity must be dismissed due to lack of standing.

30. Connecticut Practice Book § 13-15 requires attorneys for parties in any litigation to correct the false statements or incorrect statements and other evidence provided by their clients.

31. For more than three years after Reif-Jones's testimony, Defendants, Higgins and Gates, with intent and malice, failed to correct Wells's false and deceitful testimony.

32. During this time, Higgins, Gates and Wells aggressively prosecuted the Connecticut action against GK and CK, knowing that the action was commenced by a Fictitious Entity with no legal existence.

4

33. During this time, Plaintiffs, in at least 6 different court filings, brought Reif-Jones's faslse testimony and the non-existence of the Fictitious Entity to the Court's attention.

34. Higgins and Gates never responded to Plaintiff's allegations with the truth and never corrected those deliberate misrepresentations, as required by § 13-15.

35. As a result of Defendants' ongoing deception, the Superior Court has entered a Judgment of Foreclosure against the Plaintiffs and the property.

36. Once Reif-Jones gave her false testimony, Higgins, Gates and Wells were under a continuing obligation to advise Plaintiffs [and the Court] with truthful testimony and information.

37. Higgins, Gates and Wells knowingly engaged in wrongful prosecution and vexatious and malicious litigation against Plaintiffs.

38. Higgins, Gates and Wells maintained the Connecticut action under false pretenses.

39. Independently of Higgins and Gates, Wells, HSBC and Asset engaged in wrongful and malicious litigation against Plaintiffs.

40. Those Defendants caused a Notice of Pendency to be filed against the property, again by the Fictitious Entity,

41. This Notice of Pendency notified the world that the property was subject to an action, and resulted in a reduction of its obtainable value on sale.

42. Due to the actions of the Defendants, Plaintiffs were prevented from selling the property for full market value.

43. Plaintiffs have been damaged by these actions, and have been damaged to the extent of $500,000.

.

## SECOND CAUSE OF ACTION

44. Higgins and Gates appeared in the Connecticut action as 2020.

45. Prior to and after appearing in the Connecticut action, Higgins and Gates, both individually and on behalf of the other Defendants, communicated with real estate brokers, developers, investors and others about Plaintiff's property at 10 Pheasant Lane, Westport, CT 06880. (the premises)

46. These communications were designed to prevent Plaintiffs from selling the premises.

47. Higgins and Gates released confidential information from the records of Wells and HSBC and made statements besmirching the reputation of Plaintiff Carla Karlen.

48. The purpose of these communications was to increase Plaintiff's indebtedness, to prevent Plaintiffs from selling the premises at its full market value and to drive down the value of the property.

49. An additional purpose was to direct the sale of the premises to a purchaser of their choosing.

50. These actions resulted in Plaintiffs incurring additional charges in excess of $350,000, which amounts increase on a monthly basis.

51. Plaintiffs have been damaged by those amounts.

## THIRD CAUSE OF ACTION

52. CK is a plaintiff in a New York State medical malpractice matter arising from the actions of a physician that have had profound and lasting effect.

53. Higgins and Gates, both individually and on behalf of the other Defendants, with cruelty, malice and intent, interfered with that medical malpractice case.

6

54. Without CK's authorization or consent, Higgins and Gates turned over private records and unsigned and non-reviewed deposition transcripts to that New York defense attorney with an intent to:

    a. cause emotional distress;

    b. interfere with the discovery process;

    c. interfere with the possibility of settlement of that medical malpractice action.

55. This has compromised CK's medical malpractice action, and caused emotional distress to CK and other family members.

56. Through these actions, Higgins, Gates and Wells compromised CK's financial resources, which in turn impact upon the Connecticut action.

57. CK has been damaged as a result of these actions to the extent of $1,000,000.

## FOURTH CAUSE OF ACTION

58. Higgins, Gates and Wells have illegally and with malice stalked Plaintiffs.

59. Higgins, Gates and Wells have arranged for the interference with Plaintiffs' communications.

60. They have organized and participated in unauthorized surveillance of Plaintiffs and interfered with their business opportunities and personal lives.

61. These actions have terrorized Plaintiffs and their family, and made them feel unsafe.

62. These actions have resulted in a loss of business opportunities as well.

63. These actions constitute unjustifiable and unwarranted harassment of Plaintiffs.

64. Plaintiffs have been damaged by the Defendants in the amount of $1,000,000.
    WHEREFORE, Plaintiffs request the Judgment of this Court:
    a. In the amount of $500,000 based upon the first cause of action;
    b. In the amount of $350,000 based upon the second cause of action;

    c. $1,000,000 based upon the third cause of action;

    d. $1,000,000 based upon the fourth cause of action;

    e. Punitive damages in an amount to be determined by this Court;

    f. For such other and further relief as this court deem Just and proper.

Dated: August 13, 2024

_____      _____
Gerard Karlen                                           Carla Karlen
Plaintiff Pro Se                                      Plaintiff Pro Se
10 Pheasant Lane                                10 Pheasant Lane
Westport, CT 06880                          Westport, CT 06880
203-520-9114                                            203-221-1099
Gmk1059@gmail.com                        carlakarlen1@yahoo.com

To:

Wells Fargo Bank, N.A.
420 Montgomery Street,
San Francisco, CA 94104

Defendant HSBC Bank USA, N.A.
66 Hudson Boulevard
New York, NY

Wells Fargo Asset Securities Corporation
8480 Stagecoach Circle
Frederick, MD 21701

K & L Gates, LLP
1 Congress Street, Suite 2900
Boston, MA 02114

Sean Higgins, Esq.
K & L Gates, LLP
1 Congress Street, Suite 2900
Boston, MA 02114

HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation,
Mortgage Pass through Certificates, Series 2007-2
c/o Wells Fargo Asset Securities Corporation
8480 Stagecoach Circle
Frederick, MD 21701