**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GERARD KARLEN and CARLA KARLEN, <br>     *Plaintiffs*, <br><br> v. <br><br> WELLS FARGO BANK, N.A., et al, <br>     *Defendants*. | 3:24-CV-1308 (OAW) |

**RULING ON MOTION TO DISMISS**

**THIS ACTION** is before the court upon the Motion to Dismiss filed by Defendants ("Motion"). *See* ECF No. 27. The court has reviewed the Motion, Plaintiffs' opposition thereto, ECF No. 37, Defendants' reply in support of the Motion, ECF No. 43, and the record in this case and is thoroughly advised in the premises. For the reasons discussed herein, the Motion is **GRANTED.**

**I.   BACKGROUND**[1]

This case arises from a foreclosure action brought by Defendants[2] in state court against Plaintiffs, which although it was commenced over a decade ago, was still ongoing as of the filing of the Motion. Other than the fact of its existence, the details of that action are not relevant here and so will not be discussed.

Plaintiffs accuse Defendants of engaging in unlawful conduct during the pendency of the foreclosure action. Specifically, they assert four claims against Defendants: failing

---

[1] All factual allegations are taken from the Motion and the response thereto.
[2] The corporate entities are the suing parties in the foreclosure action, while Defendant Higgins and his firm are the legal representatives for the corporate entities in the foreclosure action. The court will not differentiate between these subsets of defendant herein.

1

to correct certain alleged misrepresentations, in violation of the Connecticut Practice Book (Count One); interfering with Plaintiffs' attempts to sell their property and driving down the value of the property (Count Two); releasing certain deposition testimony to the opposing party in a medical malpractice suit one of the plaintiffs brought in New York state court (Count Three); and stalking Plaintiffs (Count Four).

## II. **LEGAL STANDARD**

To withstand a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). However, when reviewing a 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

### III. DISCUSSION

Defendants contend the instant action is merely Plaintiffs' latest attempt in a long history of frivolous litigation to obstruct completion of the foreclosure action. They argue the claims should be dismissed, and they ask the court to enjoin Plaintiffs from initiating any further suits against them. Plaintiffs respond that they are not seeking to relitigate the foreclosure itself; rather, they take issue with certain alleged conduct undertaken by Defendants during the pendency of the foreclosure, and they seek compensation for injuries they allegedly suffered as a result of such conduct. They do not respond to Defendants' request for a prefiling injunction except to ask the court not to grant it.

#### A. Claims

The court agrees with Defendants that all the claims asserted in the complaint must be dismissed. First, it is unclear which provision of the Connecticut Practice Book provides the basis for Plaintiffs' claim in Count One. The cited section deals with discovery responses, not attorneys' obligation to correct their clients' false statements. While Rule 3.3 of the Rules of Professional Conduct discusses that obligation, neither provision creates a private cause of action. *See Tierinni v. Markim,* No. CV175007691S, 2018 WL 5116477, at *5 (Conn. Super. Ct. Oct. 2, 2018) (*Hon. John B. Farley, J.*) (concluding after review that the Practice Book does not create a private cause of action); *Ferri v. Powell-Ferri*, 200 Conn. App. 63 n.15 (2020) (quoting the preamble to the Rules of Professional Conduct, which state that a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption that a legal duty has been breached"). Thus, Count One does not, and cannot, state a claim.[3]

---

[3] This Count also deals with Plaintiffs' repeated attempts to succeed on the argument that one of the corporate defendants does not exist as a legal entity. The court need not address this argument because

3

Liberally construing the allegations in Count Two, the court finds that there is a legal cause of action presented for tortious interference with a contract or tortious interference with a business relationship. But here, Plaintiffs have failed to state facts adequate to carry either claim. The elements of each require an actual contract, or an actual business relationship, between Plaintiffs and a third party, but Plaintiffs have alleged neither. *Fenn v. Yale Univ.*, 283 F. Supp. 2d 615, 639 (D. Conn. 2003) (*Hon. Christopher F. Droney, J.*) (stating that the elements of tortious interference with a contract include "the existence of a contractual or beneficial relationship"); *AFB Constr. Mgmt. of Trumbull, Inc. v. Herbst*, No. CV166053880S, 2017 WL 3671340, at *4 (Conn. Super. Ct. July 20, 2017) (*Hon. Barbara N. Bellis, J.*) (stating that a claim of tortious interference with a business relationship requires a showing that "a business relationship existed between the plaintiff and another party"). Rather, they assert only that by sullying Plaintiffs' reputation, Defendants poisoned the pool of potential buyers generally. And even construing Count Two to state a claim for some flavor of slander, here again, the factual allegations are insufficient to support that cause of action. It is not clear what was said, or to whom specifically, or in what context, or how such communications led to the devaluation of the property. Accordingly, Plaintiffs have failed to satisfy the pleading standard in Count Two, and that claim also must be dismissed.

With respect to Count Three, the court has not found, and Plaintiffs have not provided, any authority indicating that the disclosure of deposition testimony, by itself, is actionable. There appears to be no confidentiality agreement in place with respect to that testimony, and thus the court cannot discern even a contractual claim in that allegation.

---

the claim fails on its face, but it appears the court also cannot address this argument because it already has been rejected by the state court in the foreclosure action.

Count Three, like Count One, does not state a viable cause of action and accordingly, also must be dismissed summarily.

And finally, Count Four also fails to state a claim because it is alleged in wholly conclusory terms. Plaintiffs assert that they were "unlawfully surveilled," but that is tantamount to asserting the claim itself: stalking. Plaintiffs must present clear, specific facts describing the conduct at issue in order to carry this claim past dismissal.

And thus, the entire complaint is due to be dismissed. Counts One and Three are dismissed with prejudice, since they contain no recognized cause of action. But the court cannot find the same to be true with respect to Counts Two and Four. Defendants assert that these claims also are barred by the litigation privilege, but application of that privilege requires identification of the specific conduct at issue, which Plaintiffs have not done, as discussed above. *See Rioux v. Barry*, 283 Conn. 338, 344 (2007) ("We consistently have held that absolute immunity bars defamation claims that arise from statements *made in the course of judicial or quasi-judicial hearings*.") (emphasis added). Plaintiffs have failed to allege the specific statements or actions at issue, and thus it is unclear whether Defendants' conduct was undertaken in the course of judicial proceedings such that the immunity applies.

Accordingly, the court grants Plaintiffs leave to amend Counts Two and Four. However, given Plaintiffs' history of summarily-dismissed cases against Defendants, they are warned that they will not be granted additional opportunities to amend this complaint.

### B. **Prefiling Injunction**

Having reviewed the history of the foreclosure action presented by Defendants, and all Plaintiffs' ancillary actions thereto, the court declines at this time to take any steps

toward enjoining Plaintiffs from suing Defendants again. While the court understands the frustration caused by Plaintiffs' persistence, the court cannot find at this point that their case is so frivolous, or their efforts to retain their home so obstructionist, as to warrant such a drastic sanction. Contrary to Defendants' assertion, most of the claims presented here do not seek to relitigate the issues presented in the foreclosure action (and in fact, Plaintiffs currently are appealing those issues in state appellate court, which is the proper means of challenge). Rather, Plaintiffs seek compensation for alleged injuries which, while occurring during the time of the foreclosure action, nevertheless are legally distinct.

However, the court acknowledges that Plaintiffs' history of repeated, duplicative, and unsuccessful litigation against these defendants could support the conclusion that they are employing the judicial system in bad faith. Therefore, the court cautions Plaintiffs most strenuously that any amended complaint they submit must allege specific conduct that could fairly support the claims they assert, and that such allegations must be able to be shown by competent evidence. If Plaintiffs attempt to refile a new action rather than adhere to this order, or if they submit an amended complaint in this action that contains frivolous or spurious factual allegations, the court will initiate proceedings to prevent Plaintiffs from filing future complaints against these defendants.

## IV.     **CONCLUSION**

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss, ECF No. 21, is **GRANTED.**

    a. Counts One and Three are **DISMISSED** with prejudice.

    b. Counts Two and Four are **DISMISSED** without prejudice.

2. If Plaintiffs choose to file an amended complaint, they must do so on or before **January 21, 2025.** If no amended complaint is submitted by that date, Counts Two and Four will be deemed dismissed with prejudice without further order of this court, and this case will be closed.

3. Given this dismissal, Plaintiff's Motion for Reconsideration, ECF No. 39, is **DENIED** as moot.

**IT IS SO ORDERED** in Hartford, Connecticut, this 21st day of November, 2024.

                                         /s/
                                 OMAR A. WILLIAMS
                                 UNITED STATES DISTRICT JUDGE